IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONAL BEVERAGE SYSTEMS
INC.,

    Plaintiff,                               Case No. 12-10658
                                              Hon. Lawrence P. Zatkoff

v.

LEONARD FOUNTAIN SPECIALTIES,
INC. d/b/a LEONARD'S SYRUP,

    Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on January 11, 2013.

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on Defendant's Motion for Sanctions [dkt 27]. The parties have fully briefed the Motion. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument or additional briefing. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the Motion be resolved on the briefs submitted. For the reasons set forth below, Defendant's Motion is DENIED.

## II. FACTUAL BACKGROUND

Plaintiff filed its Complaint against Defendant on February 14, 2012, alleging various antitrust and anti-competition claims. Plaintiff was incorporated in 2009, as a successor to a small business operating since 2003. Plaintiff sells discount soft drink syrups and the related equipment,

including $CO_2$ tanks (hereinafter referred to as the "Syrup Business"). Plaintiff's customers comprise restaurants and bars in and around Wayne, Macomb, and Oakland Counties ("Tri-County Region").

Defendant competes against Plaintiff in the Syrup Business. According to Plaintiff, Defendant's market share comprises approximately 90% of the Syrup Business in the Tri-County Region. Plaintiff controls the remaining market share, except for a small share controlled by a third company, Penguin. Plaintiff alleges that Defendant is taking predatory steps to "eliminate [Plaintiff] as a competitor through illegal means, including mail and wire fraud, defamation, tortious interference, theft of trade secrets, sham litigation, illegal refusals to deal with customers of [Plaintiff]'s, and predatory pricing." *See* Dkt. 1, at p.3, ¶ 16.

### III. PROCEDURAL BACKGROUND

On March 9, 2012, the Court declined to exercise supplemental jurisdiction and dismissed Plaintiff's state-law claims. On March 27, 2012, Defendant filed a Motion to Dismiss requesting that the Court dismiss Plaintiff's remaining federal Counts—monopolization under Section 2 of the Sherman Act (Count I), attempted monopolization under Section 2 of the Sherman Act (Count II), and violation of the Racketeer Influenced and Corrupt Organizations Act (Count VIII)— as failing to state a plausible claim for relief under Fed. R. Civ. P. 12(b)(6). The Court denied Defendant's motion.

Defendant brings the instant Motion for Sanctions under Fed. R. Civ. P. 11 against Plaintiff and its counsel for "failing to conduct a reasonable prefiling inquiry into the facts alleged in their complaint and, as a result, asserting baseless allegations." *See* Dkt. 27, at p. 7.

### IV. LEGAL STANDARD

Fed. R. Civ. P. 11(b)(3) demands that attorneys presenting any pleading, motion, or other paper to the court certify to the best of their ability and after a reasonable inquiry that "the allegations and other factual contentions have evidentiary support, or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery[.]" *See* Fed. R. Civ. P. 11(b)(3). Parties or attorneys that violate the foregoing subdivision can be subjected to sanctions under Fed. R. Civ. P. 11(c).

Determining whether to impose sanctions under Rule 11 involves an inquiry into "whether the individual's conduct was reasonable under the circumstances." *Union Planters Bank v. L & J Dev. Co.*, 115 F.3d 378, 384 (6th Cir. 1997). The mandate for reasonable conduct is an ongoing one, requiring regular review and modification, if necessary, to conform to Rule 11. *See Runfola & Assoc., Inc. v. Spectrum Reporting II, Inc.*, 88 F.3d 368, 374 (6th Cir. 1996).

If the court determines that sanctions are warranted it may fashion a sanction "that is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." *See* Fed. R. Civ. P. 11(c)(4). "But, 'Rule [11] must be read in light of concerns that it will spawn satellite litigation and chill vigorous advocacy.'" *Tahfs v. Proctor*, 316 F.3d 584, 594–95 (6th Cir. 2003) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990)). Rule 11 "'is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories.'" *McGhee v. Sanilac Cnty*, 934 F.2d 89, 92 (6th Cir. 1991) (quoting Fed. R. Civ. P. 11 Advisory Committee Notes)).

## V. ANALYSIS

The crux of Defendant's Motion focuses on a specific allegation sounding from Plaintiff's Complaint. According to Defendant, Plaintiff's allegation that "Defendant has approximately [a]

90% share of the soft drink syrups business to bars and nightclub [sic] in the Tri-County area" subjects Plaintiff to Rule 11 sanctions because it was pled without a reasonable prefiling inquiry. Defendant argues that this amounts to a baseless allegation and thereby requests that the Court fashion remedial sanctions, including dismissal of Counts I and II of Plaintiff's complaint (*i.e.*, the anti-trust claims, *supra*) and an award of attorneys' fees and costs to Defendant.[1]

In support of its contention, Defendant attached to its Motion an email discourse that occurred between counsel for Defendant and Plaintiff, wherein Plaintiff's counsel indicated that, instead of employing any type of "calculation" or "numerical process of estimation," the 90% share allegation "was based on [a] statement from a co-owner of plaintiff [] that has spent the last eight years of his career selling in the Tri-County area." *See* Dkt. 27, ex. B at pp. 2–4. According to Defendant, relying on the "offhand, self-interested opinion of his client" rather than performing research into the relevant product market is a violation of Plaintiff counsel's prefiling investigative duty necessitated by Rule 11. Defendant alternatively argues that it is "not likely" that Plaintiff "will have evidentiary support" for its market share allegation even after a reasonable opportunity for further investigation or discovery. The Court finds Defendant's arguments unavailing.

Importantly, by its terms Rule 11 impliedly affords attorneys the opportunity to put forward a reasonable allegation in a complaint with the hope of further vetting out the details surrounding that allegation during the course of discovery. *See* Fed. R. Civ. P. 11(b)(3); *see also* Fed. R. Civ. P. 11, Advisory Committee Notes ("The certification with respect to allegations and other factual

---

[1] Defendant also argues in the instant Motion that Plaintiff's Rule 26(a) initial disclosure responses are insufficient, constitute a pattern of baseless allegations, and further warrant sanctions under Rule 11. Yet, Defendant fails to note Rule 11's inapplicability to discovery: "This rule does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37." Fed. R. Civ. P. 11(d).

4

contentions is revised in recognition that sometimes a litigant may have good reason to believe that a fact is true or false but may need discovery, formal or informal, from opposing parties or third persons to gather and confirm the evidentiary basis for the allegation."). The Court notes, however, that litigants do not have an unabridged freedom to assert baseless allegations, and any abuse in this regard is protected by an on-going duty to conform to Rule 11. *See Runfola*, 88 F.3d at 374; *see also* Fed. R. Civ. P. 11, Advisory Committee Notes ("Moreover, if evidentiary support is not obtained after a reasonable opportunity for further investigation or discovery, the party has a duty under the rule not to persist with that contention."). Here, Plaintiff's allegation of Defendant's market share with respect to bars and nightclubs—an allegation by which, according to Plaintiff's response brief, it intends to support by obtaining discoverable evidence from Defendant—does not violate Rule 11. In fact, such an action is contemplated by Rule 11.

Notably, when Defendant's Motion for Sanctions was filed (*i.e.*, on August 28, 2012), discovery in this case was in its early stages—arguably, active discovery commenced *after* the Court issued its Opinion and Order on June 25, 2012, denying Defendant's previously-mentioned Motion to Dismiss. And with Defendant serving Plaintiff's counsel with the instant Motion for Sanctions on August 1, 2012, there was little more than a one month period in which the parties likely engaged in discovery. If, after the close of discovery Plaintiff learns that its contention regarding Defendant's bar and nightclub market share will not have evidentiary support, it has a duty under Rule 11 to not persist with that contention. Currently, however, the Court is unconvinced that a Rule 11 violation has occurred.

In conclusion, Plaintiff's conduct in this case did not rise to such a level of judicial abuse as to warrant Rule 11 sanctions. Sanctions are not to be meted out liberally and should apply only in

especially egregious cases. *See Mapother & Mapother, P.S.C. v. Cooper*, 103 F.3d 472, 478 (6th Cir. 1996).  This case does not fall into the egregious category.  As such, Defendant's Motion is denied.

## VI. CONCLUSION

Accordingly, for the above reasons, IT IS HEREBY ORDERED that Defendant's Motion for Sanctions [dkt 27] is DENIED.

IT IS SO ORDERED.

>S/Lawrence P. Zatkoff
>HON. LAWRENCE P. ZATKOFF
>U.S. DISTRICT COURT JUDGE

Dated: January 11, 2013